## Richmond

EDGAR LEONARD DELANEY v. REBECCA LYNN CRAIGHILL.

April 24, 1972.

Record No. 7817.

Present, All the Justices.

*Frank O. Meade (Meade, Tate and Meade,* on brief), for plaintiff in error.

*James W. Haskins (R. Reid Young, Jr.; Robert W. Mann; Irvin W. Cubine; Young, Kiser & Haskins,* on brief), for defendant in error.

Per Curiam.

Rebecca Lynn Craighill recovered a judgment against Edgar Leonard Delaney for injuries received in an automobile accident that occurred while she was riding as a guest in his automobile.

Appellant's assignment of error requires us to consider an instruction on gross negligence which reads as follows:

"The Court instructs the jury that on the occasion in question the defendant owed to the plaintiff the duty of keeping a proper lookout and drive his automobile in a manner and at a speed so as not to endanger life or property and further to drive his automobile under proper control. If you believe that the defendant violated any of the foregoing duties and in the violation was guilty

of gross negligence, as defined in another instruction of the Court, then you will find your verdict for the plaintiff, unless the plaintiff was guilty of negligence proximately contributing to cause the accident in question."

Our decision here is controlled by *Goodwin and Reed* v. *Gilman*, 208 Va. 422, 157 S. E. 2d 912 (1967) and *Ferguson* v. *Ferguson*, 212 Va. 86, 181 S. E. 2d 648 (1971).

A violation by the defendant of the duties set forth in the instruction would have constituted ordinary negligence on his part. Notwithstanding this the instruction told the jury that if he violated these duties and *in the violation* was guilty of gross negligence it should find for the plaintiff. Clearly this instruction allowed the jury to conclude that in the violation of a duty which would make him guilty of ordinary negligence the defendant could be guilty of gross negligence.

In a guest case a jury should not be left under the impression that it can find gross negligence from the violation of a duty which constitutes ordinary negligence only. It should be told that for a guest to recover the defendant must have breached a duty owed his guest in such a manner and under such circumstances as to constitute gross negligence, and gross negligence should be properly defined.

The judgment of the lower court is reversed and the case is remanded for a new trial not inconsistent with the views herein expressed.

*Reversed and remanded.*